**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:15–cr–80–JCM–VCF |
| vs. | **ORDER** |
| GREGORY ALLEN WATERS, II, | M<small>OTION TO</small> R<small>ECUSE</small> (#23). |
| Defendant. | |

Before the court is Mr. Water's Motion to Recuse Assistant United States Attorney (#32). On September 10, 2015, the Honorable James C. Mahan entered an Order (#34) continuing the trial of this case until November 2, 2015, and the government filed Government's Response to Defendant's Motion to Recuse Assistant United States Attorney (#35).

The Defense requests that the court, "order that Assistant United States Attorney Phillip N. Smith, Jr., be recused from Waters' case and that a new prosecuting attorney be appointed outside of the Office of the United States Attorney. . ."

For the reasons discussed below, both the request to order Mr. Smith be recused and the request to appoint a prosecutor from outside the Office of the United States Attorney are denied.

The practice of attorneys admitted to the bar of this court is regulated by this court's local rules. LR IA 10-7 (a) requires attorneys to "adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as thy may be modified by this Court."

Rule 3.7 of the Nevada Rules of Professional Conduct addresses the issues raised in defendant's motion:

> Rule 3.7. Lawyer as Witness.
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> > (1) The testimony relates to an uncontested issue;
> > (2) The testimony relates to the nature and value of legal services rendered in the case; or
> > (3) Disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
> [Added; effective May 1, 2006.]
>
> Model Rule Comparison—2006
>
> Rule 3.7 (formerly Supreme Court Rule 178) is the same as ABA Model Rule 3.7.

Pursuant to Rule 3.7(b), were Mr. Smith to be found ethically bared from trying this case, another attorney from the Office of the United States Attorney would be permitted to act as advocate in the trial of this case. The request that an outside prosecutor be appointed is denied.

As to Mr. Smith, the court denies the motion for four reasons. First, Mr. Smith is not at risk of violating Rule 3.7. Nothing in the record indicates that Mr. Smith exceeded the proper scope of his duties by engaging in the type of fact finding that Mr. Waters alleges. Mr. Smith merely spoke with a police officer to prepare for a possible evidentiary hearing. This was appropriate and "did not go beyond the bounds of necessary pretrial investigation and preparation." *Steese v. State*, 114 Nev. 479, 499, 960 P.2d 321, 334 (1998) (applying Rule 3.7).

Second, Mr. Waters' motion is speculative and predicated on the possibility that "if the officers testified differently as to facts averred by government counsel, then Waters will need to call government counsel to impeach such testimony." (Doc. #32 at 6: 16-18).

Third, even if Mr. Smith were to be called as an impeachment witness, it is highly unlikely that he would be called as an impeachment witness at trial. The issue of suppression is a pretrial matter. The facts that Mr. Waters takes issue with relate to the legality of the stop, not the question for trial: whether Mr. Waters possessed the gun that was found in the car.

Fourth, recusal is inappropriate under the rule because it is designed to insulate a jury from confusion. *See* Rule 3.7, Comment 2 ("The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness."). If Judge Mahan were to reject the court's report and recommendation and order an evidentiary hearing on the legality of the stop, there would be no jury. Nor is it likely that Judge Mahan would be confused by Mr. Smith's dual roles a witness and advocate.

The court's decision is consistent with the Nevada Supreme Court's decision in *Steese v. State of Nevada*, 960 P.2d 321, 114 Nev.479 (1998). There, the Court affirmed the trial court's decision not to disqualify Deputy District Attorneys Herndon and Kephart. The Prosecutors in that case were involved in a photographic line-up, conducted an investigative interview with a witness named Mary Clark, and allegedly attempted to dissuade a witness named Pollock from testifying. In response, the Nevada Supreme Court held, "Upon a review of the record, we conclude that the activity at issue here did not go beyond the bounds of necessary pretrial investigation and preparation." 960 P.2d at 334, 114 Nev at 499.

The Nevada Supreme Court's analysis was based on a completed record below. Here, the court is being asked to disqualify an attorney from trying this case based on conjecture regarding what might happen at trial. Based on the current record, the court will not disqualify Mr. Smith from acting as an advocate at trial.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant's Motion to Recuse Assistant United States Attorney (#32) is DENIED.

IT IS SO ORDERED.

DATED this 11th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE