UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREGORY ALLEN WATERS,<br><br>    Defendant. | Case No. 2:15–cr–80–JCM–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION TO DISMISS (DOC. #54) |

  This matter involves the United States of American's prosecution of Defendant Gregory Allen Waters. Before the court are Waters' motion to dismiss (Doc. #54) and the Government's response (Doc. #58). Waters did not reply.[1] For the reasons stated below, Waters' motion should be denied.

## I. Background

  On April 3, 2015, Defendant Gregory Allen Water was arraigned on one count of being a felon in possession of a firearm. (Doc. #5).[2] Pursuant to the Speedy Trial Act, trial was set for June 1, 2015. (*Id.*). On May 18, 2015, the parties stipulated to continue trail to September 14, 2015. (Doc. #17). The parties also stipulated that the time period between Waters' old trial date, June 1, and his new trial date, September 14, was excludable under the Speedy Trial Act. (*Id.*).

  On May 21, 2015, Waters filed a motion to suppress. (Doc. #18). On June 29, 2015, this court recommended that Waters' motion to suppress be denied. (Doc. #24). On September 4, 2015, Waters' moved to recuse the prosecuting assistant United States Attorney. (Doc. #32). This court set a hearing on Waters' motion to recuse for September 11, 2015. (Doc. #33).

---

[1] Waters' reply was due on March 29, 2016. LCR 12-1. As of March 31, 2015, no reply has been filed with the court.
[2] Parenthetical citations refer to the court's docket.

1

On September 10, 2015, the court entered an "ends of justice" continuance, citing Waters' pending motion to recuse and the motion to recuse's possible effect on this court's recommendation that Waters' motion to suppress be denied. (Doc. #34). Waters' trial was reset to November 2, 2015. On September 16, 2015, Waters' moved the district court to conduct a *de novo* hearing on his motion to suppress. (Doc. #39).

On October 29, 2015, the court entered an "ends of justice" continuance, citing Waters' pending motion for a *de novo* hearing and the need for the parties to adequately prepare the issues raised in Waters' motion. (Doc. #42). Waters' trial was reset for December 14, 2015. On December 9, 2015, the court entered an "ends of justice" continuance, citing the pending report and recommendation as well as Waters' motion for a *de novo* hearing. (Doc. #44). Waters' trial was reset for February 8, 2016.

On February 1, 2016, Waters' moved to dismiss his counsel, the Federal Public Defender. (Doc. #47). On February 3, 2016, the court entered an "ends of justice" continuance, citing Waters' pending motion to dismiss counsel. (Doc. #50). On February 4, 2016, after a closed hearing, the Federal Public Defender was removed as Waters' counsel. (Doc. #52). Waters' current counsel, Julian Gregory, was appointed to represent Waters. (*Id.*).

Waters now moves to dismiss his indictment based on violations of the Speedy Trial Act and his Sixth Amendment right to a speedy trial. After Waters' filed the instant motion, the parties stipulated to continue Waters' trial. (Doc. #56). Waters' current trial date is June 20, 2016. (*Id.*).

**II. Legal Standard**

"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment or from the date the defendant has

2

appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Speedy Trial Act, 18 U.S.C. § 3161(c)(1)

"The following period of delay shall be excluded … in computing the time within which trial of any such offense must commence:  (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to … (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion … (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(D),(H).

"Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice serve by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excludable under the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(A).

"No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar."  18 U.S.C. § 3161(h)(7)(C).  The prohibition against excluding time due to congestion of the court's calendar "does not apply … where the continuances are only indirectly attributable to the court's congestion." *United States v. Gallardo*, 773 F.2d 1496, 1505 (9th Cir. 1985).

In the Ninth Circuit, "in order comply with the Speedy Trial Act the district court must satisfy two requirements whenever it grants an 'ends of justice' continuance: (1) the continuance must be 'specifically limited in time'; and (2) it must be 'justified on the record with reference to the facts as of the time the delay is order.'" *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotations omitted) (holding that a 119-day delay satisfied the requirement that the delay be for a

specified length of time); *see also United States v. Qadri*, 562 Fed. Appx. 590, 592 (9th Cir. 2014) (affirming "ends of justice: continuances granted to allow defendants sufficient time to prepare for trial, when district court used form orders).

When a court determines whether a defendant's Sixth Amendment right to a speedy trial has been violated, the court considers, "[1] length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right [to a speedy trial], and [4] prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

### III. Discussion

The parties present two issues: (1) whether Waters' indictment should be dismissed for violations of his rights under the Speedy Trial Act and (2) whether Waters' indictment should be dismissed for violations of his Sixth Amendment right to a speedy trial.

1. <u>Waters' Indictment Should Not be Dismissed For Violations of the Speedy Trial Act</u>

Waters' challenges the following *sua sponte* "ends of justice" continuances: (1) the September 10, 2015 order resetting trial from September 14, 2015 to November 2, 2015; (2) the October 29, 2015 order resetting trial from November 2, 2015 to December 14, 2015; (3) the December 9, 2015 order resetting trial from December 14, 2015 to February 8, 2016; and (4) the February 3, 2016 order resetting trial from February 8, 2016 to March 7, 2016 (hereafter collectively "the challenged continuances").

      a.    *Waters' Rights Under the Speedy Trail Act Have Not Been Violated*

Waters' rights under the Speedy Trial Act have not been violated. Between Waters' April 3 arraignment and the entry of the May 18 stipulation to continue trial, forty-five, non-excludable days elapsed. This left twenty-five days on Waters' Speedy Trial Act clock. Another three, non-excludable days elapsed between the entry of the May 18 stipulation and the filing of Waters' motion to suppress on May 21. This left twenty-two days on Waters' Speedy Trial Act clock. The time period, between the

filing of Waters' May 21 motion to suppress and this court's entry of a report and recommendation on June 29, is excludable under the Speedy Trial Act.[3] 18 U.S.C. § 3161(h)(1)(D),(H). The time period between Waters' old trial date, June 1, and his new trial date, September 14, was excludable pursuant to the parties May 18 stipulation. (Doc. #17). Before any of the challenged continuances were entered, Waters' Speedy Trial Act clock had twenty-two days remaining on it. Waters' Speedy Trial clock would have begun to run again on September 14, 2015, had the court not entered the first challenged continuance.

Waters argues that the court's four *sua sponte* "ends of justice" continuances were invalid because the length of the delay between Waters' old trial date and his new trial date was unjustifiable. This argument is unpersuasive. A valid "ends of justice" continuance must be for a specified time period and must be "justified on the record with reference to the facts as of the time the delay is order." *Lloyd*, 125 F.3d at 1268. Here, each of the challenged "ends of justice" continuances is valid as it meets the *Lloyd* test. The court set a new trial date for each "ends of justice" continuance, with fifty-six day delay being the longest time period between trial dates. As the Ninth Circuit has affirmed a delay twice the length of the one in Waters' prosecution, the challenged continuance orders, which each set a new trial dates, satisfy the first prong of the *Lloyd* test. *See id.*

Waters next argues that the court impermissibly entered the "ends of justice" continuances due to congestion in the court's calendar. Waters' argument is unpersuasive. In each of the court's challenged continuance orders, the court cited the need to properly consider pending motions and recommendations was well as the need for the parties to prepare for trial as reasons for entering the continuance. While delays in resolving Waters' pending motions may be indirectly attributed to congestion in the court's

---

[3] Waters does not challenge the excludability of the time period when his motion to suppress was being briefed and adjudicated. (Doc. #54).

calendar, the challenged continuance orders properly cited to counsel's need to prepare for trial given the procedural complexity of Waters' prosecution and the complexity of Waters' pending motions. *Gallardo*, 773 F.2d at 1505.  As the second prong of the *Lloyd* test is satisfied, the time period encompassed by the challenged continuances, from September 14, 2015 to March, 7, 2016, is excludable under the Speedy Trial Act.

Presently, Waters' Speedy Trial Act clock is tolled until June 20, 2016, pursuant to his March 1 stipulation.  As the entire time period encompassed by the challenged continuances is excludable, Waters' still has twenty-two days remaining on his Speedy Trial Act clock.  Accordingly, Waters' motion to dismiss should be denied.

     b. *Dismissal Without Prejudice Is The Appropriate Remedy for Violations of Waters' Rights Under the Speedy Trial Act*

"If a defendant is not brought to trial within the time limit required by section 3161(c) as extended section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162.  "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to dismissal; and the impact of a reprosecution on the administration of this chapter and the administration of justice." *Id.*

Here, even if a violation of Waters' rights under the Speedy Trial Act had occurred, the factors listed in section 3162, weigh in favor of dismissing this action without prejudice.  Contrary to Waters' assertion, the seriousness of his felon in possession of a firearm offense weighs in favor of dismissing without prejudice.  Waters' alleged offense carries a ten-year statutory maximum penalty.  Waters' also has an extensive criminal history, which includes five felony convictions.  Even if Waters' allegations were true, that he was carrying the firearm for protection due to an attempt on his life in 2014, section

3162 focuses on the seriousness of the offense; not the circumstances about how the offense was committed.

The circumstances of the case which led to dismissal also weigh in favor of dismissal without prejudice. Waters' prosecution has been far from straightforward. Within one week, Waters' moved to recuse the prosecuting Assistant United States Attorney and moved for a *de novo* hearing on his original motion to suppress. Given the interrelation between Waters' original motion to suppress, motion to recuse the prosecutor, and motion for a *de novo* hearing, the court was justified in continuing Waters' trial in order to resolve each motion, given the potential impact resolution of one of Waters' motion would have on Waters' other motions pending before the court. The Government should not be penalized for Waters' former counsel's zealous advocacy on behalf of his client.

The Government does not dispute Waters' contention that permitting the Government to reprosecute would undermine the purpose of the Speedy Trial Act. (Doc. #58 at 4). Thus the third section 3162 factor weighs in favor of dismissal with prejudice. The court, however, agrees with the Government, if Waters' indictment is dismissed, it should be dismissed without prejudice given the severity of Waters' offense and the circumstances surrounding the delays in bringing Waters to trial.

2.   <u>Waters' Sixth Amendment Right to a Speedy Trial Has Not Been Violated</u>

When a court determines whether a defendant's Sixth Amendment right to a speedy trial has been violated, the court considers, "[1] length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right [to a speedy trial], and [4] prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

"The length of the delay is to some extent a triggering mechanism." *Id.* "Most courts have found a delay that approaches one year is presumptively prejudicial." *United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007) (holding that, under the *Barker* factors, an eight-year delay from the

time of indictment to the defendant's arrest did not violate the defendant's Sixth Amendment right to a speedy trial).

The court must "weight the reasons for and the extent of the delay against the evidence of actual prejudice." *Id.* at 1116. "One of the three traditional ways to show prejudice is by demonstrating that the defense was impaired." *Id.*

The nearly one and a half-year delay between Waters' indictment and his current trial date does not constitute a violation of his Sixth Amendment right to a speedy. Waters correctly asserts that his current one and a half-year delay is presumptively prejudicial. *Id.* The length of delay, however, is only one factor considered when the court determines whether a defendant's Sixth Amendment right to a speedy trial has been violated. Here, two other *Barker* factors weigh against finding a violation of Waters' Sixth Amendment right to a speedy trial.

The delay in bringing Waters' to trial was due to the number of complex motions Waters had pending before the court. Waters' cannot complain about the delay in bringing him to trial when his former counsel's pretrial motions presented novel issues to the court that required careful deliberation. Thus the second *Barker* factor weighs against a violation of Waters' Sixth Amendment right.

Waters' assertion of his Sixth Amendment right to a speedy trial neither weighs in favor nor weighs against finding a violation of his Sixth Amendment right. Waters' asserts that he "never waived his right to a speedy trial, and he is expressly invoking that right now." (Doc. #54). Waters' express assertion of his Sixth Amendment right to a speedy trial comes after Waters did not object to the court entry of four *sua spoute* "ends of justice" continuances. As Waters now asserts his Sixth Amendment right, but only after multiple unchallenged continuances, the third *Barker* factor neither weighs in favor nor weighs against finding a violation of Waters' Sixth Amendment right.

The prejudice allegedly suffered by Waters is minimal.  Waters' makes an unsupported assertion that his defense has been prejudiced as "witnesses' memories have likely faded in the intervening months." (Doc. #54).  Waters' assertion is insufficient to show prejudice.  Waters' prejudice claim ignores, (1) the fact that a firearm was found in a vehicle he was driving, (2) Waters' admitted to owning the firearm, and (3) Waters' motion to suppress the firearm and his statements was denied.  (Doc. #46). Given the evidence that the Government will likely introduce against Waters, any prejudice derived from faded witness memories is minimal.  Thus the fourth *Barker* factor weighs against a finding of a violation of Waters' Sixth Amendment right.  Taken together, the *Barker* factors weigh against finding a violation of Waters' Sixth Amendment right to a speedy trial.  Waters' indictment should not be dismissed.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Waters' motion to dismiss (Doc. #54) be DENIED.

IT IS SO RECOMMENDED.

DATED this 31st day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE