# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:15-cr-00080-JCM-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| GREGORY ALLEN WATERS, II, | |
| Defendant. | |

Presently before the court is defendant Gregory Allen Waters, II's motion to vacate his sentence under 28 U.S.C. § 2555. (ECF No. 74). The government responded in opposition (ECF No. 76) to which Waters replied (ECF No. 81).

## I. BACKGROUND

Waters pled guilty to being a felon in possession of a firearm. (ECF No. 74 at 4). The court sentenced him to 77 months in prison and 3 years of supervised release.[1] (*Id.*). After Waters's conviction, the Supreme Court decided *Rehaif v. United States*. 139 S. Ct. 2191 (2019). In *Rehaif*, a defendant—a foreign student that overstayed his visa and was unaware of his illegal status—successfully challenged his conviction for possessing a firearm. *Id.* at 2194–95. After *Rehaif*, to obtain a conviction under 28 U.S.C. §922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the

---

[1] According to the BOP inmate database, Waters's custodial term ended on November 6, 2020. Section 2255 only applies to prisoners "in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). A person is in custody of the United States if his or her movements "are restrained by authority of the United States . . . ." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (internal quotation marks omitted). Because Waters is on supervised release, (*see* ECF No. 82), the court will not deny this motion as moot. *See United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (holding that petitioner on supervised release was "in custody" for purposes of § 2255); *United States v. Scruggs*, 691 F.3d 660, 662 & n.1 (5th Cir. 2012) (same).

relevant category of persons barred from possessing a firearm." *Id.* at 2200.[2] "For example, in a felon-in-possession prosecution under § 922(g)(1), the defendant must know that his or her prior conviction was punishable by more than one year of imprisonment." *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020). Waters now moves to vacate his conviction under 28 U.S.C. § 2555 in light of *Rehaif*. (ECF No. 74).

## II. LEGAL STANDARD

Federal inmates can petition "to vacate, set aside or correct [their] sentence" if their sentence violates the Constitution or federal law. 28 U.S.C. § 2255(a). Relief is warranted only when "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962). The petitioner is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).[3] There are limitations on § 2255 relief because the petitioner "already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). The statute's purpose is not "to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

When the petitioner had "a full and fair opportunity to litigate [his claim] on direct appeal" he cannot relitigate the claim in a § 2255 motion. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). And if the petitioner could have litigated his claim on direct appeal but failed to so, the claim is procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). A petitioner can overcome

---

[2] Waters and the government read *Rehaif* differently. (*Compare* ECF No. 74 at 5–6, *with* ECF No. 76 at 5–6, 19–20). Contrary to Waters's reading, missing in *Rehaif* is "any notion that, in felon-in-possession cases, the government is also required to prove that the defendant *knew he was prohibited from possessing a firearm*, which goes to the heart of the 'ignorance of the law' maxim." *United States v. Reynolds*, No. 2:16-cv-00296-JAD-PAL, 2020 WL 5235316, at *2 (D. Nev. Sept. 2, 2020) (emphasis added). The Ninth Circuit reads *Rehaif* like the government does. *Singh*, 979 F.3d at 727.

[3] The court will rule on this motion without an evidentiary hearing.

procedural default if he can show cause and prejudice or actual innocence. *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007).

## III. DISCUSSION

To begin with, Waters's motion is timely as it was filed within one year of the Supreme Court deciding *Rehaif*.[4] *See* 28 U.S.C. § 2255(f)(3) (The one-year statute of limitations for habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court."). Waters's main contention is that the indictment failed to properly charge all the elements of the offense in 18 U.S.C. § 922(g)(1). (ECF No. 74 at 9–15). He says this defect deprived the court of jurisdiction (*Id.* at 9–11), cannot be waived in a plea agreement (*Id.* at 16; *see also* ECF No. 81 at 7–9), caused him actual prejudice (ECF No. 81 at 14–22) or, in the alternative, is a structural error where actual prejudice is presumed (*Id.* at 13–14). The court will address these arguments in turn.

### A. Jurisdiction

An indictment must sufficiently charge an "offense[] against the laws of the United States." 18 U.S.C. § 3231; *see also United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Yet the Supreme Court in *United States v. Cotton* held that "defects in an indictment do not deprive a court of its power to adjudicate a case." 533 U.S. 625, 630 (2002). A claim that "the indictment does not charge a crime against the United States goes only to the merits of the case." *Id.* at 630–31 (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916)). Waters's reliance on two pre-*Cotton* Ninth Circuit cases is unavailing. (ECF No. 74 at 11). And regardless, the Ninth Circuit has since held that an indictment's omission of a knowledge of status element does not deprive the court of jurisdiction. *See, e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020); *United States v. Velasco-Medina*, 305 F.3d 839, 845–46

---

[4] However, this motion is timely only if *Rehaif* applies retroactively. Because the courts are divided on this issue, the court will assume that *Rehaif* applies retroactively for the purpose of this motion. *United States v. Bueno*, No. 2:17-cv-00406-RCJ-GWF, 2020 WL 4505525, at *1 (D. Nev. Aug. 5, 2020).

(9th Cir. 2002). Thus, the court rules that it did not lack jurisdiction despite the indictment not charging the *Rehaif* knowledge element.

### B. Waiver of § 2255 Challenges in Plea Agreement

Waters "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the court adjudicated guilt and imposed sentence." (Plea Agreement, ECF No. 65 at 9). The Supreme Court in *Tollet v. Henderson* held that such a waiver in a guilty plea bars "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" except claims related to the knowing and voluntary nature of the plea and claims of ineffective assistance of counsel. 411 U.S. 258, 267 (1973). In addition, only a few select claims that "implicate[ ] 'the very power of the State' to prosecute the defendant" are not barred by *Tollett*. *Class v. United States*, 138 S. Ct. 798, 803 (2018) (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)); *see also United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020).

While the Ninth Circuit has suggested that the *Tollett* bar may not apply when the indictment fails to charge an offense, *United States v. Johnston*, 199 F.3d 1015, 1020 n.3 (9th Cir. 1999), the Supreme Court has upheld the bar where the constitutional defect could have been cured with a new indictment. *See Class v. United States*, 138 S. Ct. 798, 804–05 (2018). That is the case here. Any claims that the defective indictment violated Waters's right to be free from prosecution absent a valid grand jury indictment and his right to adequate counsel and notice could have been cured by a new indictment. (ECF No. 74 at 12–15); *accord Bueno*, 2020 WL 4505525, at *3–4.

Although the Ninth Circuit has not squarely addressed this issue, other circuits have held that *Tollett* bars habeas relief based on an indictment without the *Rehaif* knowledge element. *United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020) ("[A] guilty plea waive[s the] right to assert that the indictment fail[s] to state an offense."); *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020) ("To the extent [the defendant] argues his indictment is fatally defective because it did not contain an element of the offense under §

922(g), he failed to preserve that claim by pleading guilty."). Thus, the court finds that Waters's waiver in his plea forecloses this § 2255 claim. *Accord United States v. Beale*, No. 2:17-cv-00050-JAD-CWH, 2021 WL 325713, at *5 (D. Nev. Feb. 1, 2021).

### C. Procedural Default

Even if Waters did not waive this § 2255 claim, he cannot show actual prejudice to overcome his procedural default. As discussed, a claim not raised on direct appeal is procedurally defaulted and can only be raised in a § 2255 motion if the petitioner can show cause and actual prejudice or actual innocence. *See Bousley*, 523 U.S. at 622. "[W]here the claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal," a petitioner has cause for failure to raise the claim on direct appeal. *Braswell*, 501 F.3d at 1150. Actual prejudice requires the petitioner to show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

Waters has shown cause because *Rehaif* "overturn[ed] a longstanding and widespread practice to which [the] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." *Reed v. Ross*, 468 U.S. 1, 17 (1984); *see also* (ECF No. 81 at 10–11). But Waters cannot show actual prejudice. "In his plea agreement, Water admiotted he had been convicted of a felony at the time he possessed the weapon." (ECF No. 76 at 18). "He had previously *served* more than a year in prison for several of his prior convictions— including a prior conviction for unlaw possession of a firearm by a felon." (*Id.* (emphasis in original)). At the time of the offense, Waters's criminal history score was 18 and his presentence investigation report listed several felony drug convictions. (PSR ¶¶ 24–34). It is simply implausible that Waters did not know he was a convicted felon. *Accord Beale*, 2021 WL 325713, at *3 ("Beale must still show 'actual prejudice' to excuse his default. Beale can't do so with a criminal record and sentencing history like his."); *United States v. Lowe*, No. 2:14-cr-00004-JAD-VCF, 2020 WL 2200852, at *1 n.15 (D. Nev. May 6, 2020) (collecting cases in which defendants' prior felony convictions precluded a finding of actual prejudice).

In addition, the court will not rule that *Rehaif* error is a structural error that excuses Waters from showing actual prejudice. That is because structural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult to assess the effect of the error. *See United States v. Marcus*, 560 U.S. 258, 263 (2010). And ruling otherwise would be imprudent based on the Ninth Circuit's treatment of *Rehaif* in different contexts. For example, in *Tate v. United States*, the Ninth Circuit held that *Rehaif* was a statutory interpretation case and "did not invoke any constitutional provision or principle" that could sustain a successive § 2255 motion. *Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020). And in *United States v. Benamor* and *United States v. Johnson*, the Ninth Circuit did not treat *Rehaif* error as structural and instead conducted plain-error review and held that the error did not affect the defendants' substantial rights or the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Johnson*, 833 F. App'x 665, 668 (9th Cir. 2020); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020). And after all, the *Rehaif* court itself remanded the case for harmless error review rather than automatically reversing the conviction. *Rehaif*, 139 S. Ct. at 2200. For these reasons, the court will not excuse Waters's failure to show actual prejudice.

### D. Certificate of Appealability

The right to appeal a court's denial of a § 2255 motion requires a certificate of appealability. To obtain such a certificate, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). That is, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Based on this standard and the almost uniform treatment of post-*Rehaif* § 2255 motions in this district, the court denies Waters a certificate of appealability.

. . .

. . .

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Waters's § 2255 motion (ECF No. 74) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The clerk shall enter a separate civil judgment in 2:20-cv-01076-JCM.

DATED May 3, 2021.

                                        JAMES C. MAHAN
                                        UNITED STATES DISTRICT JUDGE